IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TYRONE A. MCDONALD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 117-167 |
| | ) | (Formerly CR 114-068) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner, an inmate at the Federal Correctional Institute in Edgefield, South Carolina, filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. After initial review of the motion, it appears no evidentiary hearing is needed on any ground except potentially Ground II(c), in which Petitioner claims counsel was ineffective for "fail[ing] to advise the Petitioner to accept a plea instead of electing for trial." (Doc. no. 1, p. 4.)

The Eleventh Circuit has held counsel can be ineffective in plea negotiations for failing to provide the defendant with reasonably competent advice. Finch v. Vaughn, 67 F.3d 909, 916 (11th Cir. 1995). This includes knowing the law and applicable sentencing range, and also includes the duty to consult with the client on important decisions and keep the client informed of significant developments. Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991). Negotiating a plea agreement stands as a "critical point for a defendant" in the development of his case. Carmichael v. United States, 659 F. App'x 1013, 1021 (11th Cir.

2016). While there is no constitutional right to a plea agreement, and the decision to initiate plea negotiations is ordinarily a strategic decision within the purview of defense counsel, "counsel is still required to be a 'reasonably effective advocate' regarding the decision to seek a plea bargain." United States v. Lopez, 570 F. App'x 291, 292 (4th Cir. 2014). Here, because of the lack of detail by Petitioner concerning the exact nature of his Ground II(c) claims, the Court finds it necessary to require a sworn declaration from Petitioner concerning the *exact* nature of those claims before deciding whether an evidentiary hearing is necessary.

**The Court cautions Petitioner that litigants who lie to this Court may be prosecuted**. As explained by another Magistrate Judge in this District in this same context:

> Lying under oath, either live or "on paper," is illegal. See United States v. Roberts, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); United States v. Dickerson, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); id., doc. 47 (guilty verdict), cited in Irick v. United States, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009 (unpublished); see also Colony Ins. Co. v. 9400 Abercorn, LLC, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

Mingo v. United States, CV 614-099, doc. no. 2, p. 4 n.5 (S.D. Ga. Sept. 22, 2015) (Smith, MJ).

Therefore, within twenty-one days of the date of this Order, Petitioner must – on the attached form – provide the details of the exact nature of his Ground II(c) claims. He should describe in detail all communications with counsel regarding counsel's alleged ineffective assistance, including without limitation, dates, participants, all relevant questions,

2

instructions, and advice having any relevance to the issue. If Petitioner fails to comply, Petitioner's claim will be denied for lack of factual foundation.

SO ORDERED this 8th day of March, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TYRONE A. MCDONALD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 117-167 |
| | ) | (Formerly CR 11-068) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# **TYRONE A. MCDONALD'S STATEMENT**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct and that this was placed in my prison's mailing system on _____, 2018.**

_____
TYRONE A. MCDONALD