IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TYRONE A. MCDONALD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 117-167 |
| | ) | (Formerly CR 114-068) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 20.) Although nothing in Petitioner's objections undermines the Magistrate Judge's recommendation, the Court will briefly address one of Petitioner's objections that is more properly characterized as a new ground for relief.

In his fifth objection to the R&R, Petitioner "OBJECTS to Magistrate's finding of claim three. Petitioner avers that failure to admit evidence of Deputy Jerry Martinez testimony [sic] from a prior trial denied due process of law and a fair trial." (Id. at 5.) Ground Three alleges trial counsel failed to follow Petitioner's instruction to counter a government plea offer with a demand to reserve Petitioner's right to appeal fingerprint evidence he contends was false and planted by the police. (Doc. no. 1, p. 4; doc. no. 8 (Pet'r's Suppl. St.)) Petitioner never mentions Deputy Martinez's testimony in Ground Three or anywhere else in his original motion or supplemental statement.

While courts have the discretion to consider novel evidence, factual claims, and legal argument raised for the first time in an objection to an R&R, they are under no obligation to do so. Frone v. JP Morgan Chase & Co., 695 F. App'x 468, 472 (11th Cir. 2017) (concluding district judge has broad discretion in considering argument not presented to magistrate judge); Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (same). The Court chooses not to consider Petitioner's new argument because it is untimely. Even if the Court were to consider the claim, however, it has no merit.

Deputy Martinez did not testify at Petitioner's trial. See United States v. McDonald, CR 114-068, doc. no. 56 (Trial Tr.), p. 2 (hereinafter "CR 114-068"). Nevertheless, Petitioner argues Deputy Martinez's state court testimony should have been admitted at Petitioner's trial to prove Sergeant Jason Vinson perjured himself at Petitioner's trial. (See doc. no. 20, pp. 5-6.) In support, Petitioner attaches the transcript of a bench trial in the Magistrate Court of Richmond County, Georgia, on June 17, 2014, in State of Georgia v. Cordell Nero, case number unknown. (Doc. no. 20-1.) Deputy Jerry Martinez testified as follows:

By Ms. Paschall [Prosecution attorney]

Q: Would you give the Court your name and occupation.

A: Deputy Jerry Martinez. Work for the sheriff's office, Richmond County Sheriff's Office.

Q: And what, if anything, did you observe the Defendant doing that caused you to make these charges?

A: On 11/25/13, assisted narcotics with a drug complaint at 2454 Bel Rae Court. Narcotic officers got out, and I started walking up the driveway, and there was I think five or six black males standing and a strong odor of marijuana coming from them. Mr. Nero and Mr. McDonald took off

running and several narcotic officers kept ordering them to stop, stop, stop. They were finally detained at 2454 Bel Rae Court after a short foot pursuit, 2300 block of Madrid Drive.

Q: And what purpose were you there at that location?

A: To assist narcotics with the drug complaint.

Q: And who made a drug complaint?

A: They called in a tip. I don't know who told, I just know they needed assistance.

Q: Did you personally see Mr. Nero at that location on that day?

A: No, ma'am. They already began to run, and when I went parallel to the street, which was Madrid Drive, they were being taken into custody at that time.

Q: So you did not see them running?

A: No.

Q: You only saw them - -

A: Yeah, being detained and taken into custody.

Q: Were you in the foot pursuit?

A: No, ma'am, I was in a vehicle.

Q: And this happened in Richmond County, Georgia?

A: Yes, ma'am.

. . .

By Mr. Nero [Co-Defendant]

Q: You said you didn't see me running, right? You didn't see me running from where you say you were at, 2454 Bel Rae Court?

A: No, I didn't see you run from there, but I seen you when they took you into custody on Madrid.

3

> Q: And which residence on Madrid?
>
> A: 2300 block. I don't know the actual address.
>
> [MR. NERO]: Your Honor, I have no further questions.

(Id. at 4-6.)

Petitioner argues this testimony shows Sergeant Vinson committed perjury at his trial by testifying he saw Petitioner run from the group of males. CR 114-068, doc. no. 56 (Trial Tr.), pp. 75-77, 126-27, 151-52. However, Deputy Martinez's testimony confirms Petitioner and Mr. Nero did run from the police and did not stop when told to do so. Deputy Martinez merely conceded he was not present at the scene when Petitioner and Mr. Nero ran. Instead, he observed them being taken into custody on Madrid Drive after their flight from 2454 Bel Rae Court. Sergeant Vinson did not testify at Mr. Nero's bench trial, and Deputy Martinez never testified concerning whether Sergeant Vinson saw Petitioner flee the scene. Accordingly, the transcript provides no basis for a finding Sergeant Vinson committed perjury at Petitioner's trial, and trial counsel's failure to submit proof of Deputy Martinez's prior testimony does not constitute ineffective assistance of counsel.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion and **DENIES** without an evidentiary hearing Petitioner's motion filed pursuant to 28 U.S.C. § 2255.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of her motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner

4

makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 17th day of October, 2018, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

5