# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| TYRONE A. MCDONALD, | * | |
| Petitioner, | * | |
| v. | * | CV 117-167 |
| | * | (Formerly CR 114-068) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

# O R D E R

Pending before the Court is Petitioner's motion for reconsideration and motion for a Certificate of Appealability ("COA"). (Doc. 23.) On December 4, 2017, Petitioner filed a petition for habeas corpus under 28 U.S.C. § 2255 and laid out various grounds for relief. In a twenty-two-page Report and Recommendation ("R&R") entered on August 13, 2018, the United States Magistrate Judge addressed those grounds and recommended Petitioner's habeas petition be denied without an evidentiary hearing. (R&R, Doc. 14, at 21-22.) On October 2, 2018, Petitioner filed his Objection to the R&R (doc. 20), which this Court considered before entering an Order adopting the R&R. (Order of Oct. 18, 2018, Doc. 21.) In that Order, the Court conducted a careful *de novo* review and concluded Petitioner failed to make a "substantial showing of the denial of a constitutional right" under

28 U.S.C. § 2253(c)(2) and also denied Petitioner a COA. (Id. at 4-5.)

Now, Petitioner moves under Federal Rules of Civil Procedure 52(b) and 59(e) to amend the judgment on his habeas petition. Further, Petitioner seeks a COA from this Court authorizing him to appeal the judgment.

Pursuant to Federal Rule of Civil Procedure 59(e), a party may seek to alter or amend a judgment in a civil case within twenty-eight days. Although Rule 59(e) does not set forth the grounds for relief, district courts in this Circuit have identified three that merit reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See, e.g., Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Ga. 1994). A movant must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993) (citation omitted).

Motions for reconsideration should not be used to raise arguments which could and should have been made before the judgment was issued. Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998); see also Michael Linet, Inc. v. Vill. of Wellington,

2

Fla., 408 F.3d 757, 763 (11th Cir. 2005) ("[A party] cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.").

Petitioner's first contention is that the Court did not address every claimed constitutional violation in Petitioner's Objection to the R&R (doc. 20). The Court, however, is under no obligation to consider factual claims or legal arguments raised for the first time in an objection to an R&R. Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (finding district judge has broad discretion in considering arguments not presented to the magistrate judge.) Regardless, the R&R addressed every ground raised by Petitioner in his habeas petition in compliance with Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992). Many of Petitioner's objections were simply restatements of earlier arguments made in his habeas petition. Finally, in its Order dismissing the case, the Court addressed Petitioner's new objection regarding the state court testimony of Deputy Martinez. (See Order of Oct. 18, 2018, Doc. 21, at 2-5.) Thus, every substantive claim[1] of a constitutional violation has been addressed by the Court.

---

[1] Petitioner's first objection stated generally that the R&R did not address the facts set forth in his § 2255 petition, but he does not specify which facts were not addressed. At any rate, the R&R included a thorough review of all relevant facts. (See R&R, at 1-7.)

3

Next, Petitioner argues, for the second time, that Deputy Martinez's testimony from a prior trial should have been admitted to prove Sergeant Vinson committed perjury at Petitioner's trial. The Court has already addressed this argument finding there is no basis to conclude Sergeant Vinson committed perjury and Deputy Martinez's testimony did not address Sergeant Vinson's knowledge of the events. Accordingly, the Court finds that Plaintiff has not made the requisite showing under Rule 59(e) for relief from judgment. See Michael Linet, Inc., 408 F.3d at 763 (Rule 59(e) should not be used to relitigate old matters). Therefore, Petitioner's motion for reconsideration is **DENIED**.

Finally, Petitioner requests the Court issue him a COA authorizing him to appeal the denial of his 28 U.S.C. § 2255 motion to vacate. The Court already denied Petitioner a COA in its Order of October 17, 2018, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings. Accordingly, Petitioner's motion for a COA is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of November, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4